IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SOUTHEAST COMMUNITY CAPITAL CORPORATION d/b/a PATHWAY LENDING, | ) ) ) ) | |
| v. | ) ) | |
| JELLICO REGIONAL HOSPITAL, LLC, *et al.*, | ) ) ) | NO. 3:24-cv-01193 |
| and | ) ) | |
| JELLICO REGIONAL HOSPITAL, LLC, *et al.*, Third-Party Plaintiffs, | ) ) ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE HOLMES |
| v. | ) ) | |
| PROGRESSIVE HEALTH OF JELLICO, LLC, *et al.* Third-Party Defendants. | ) ) ) ) | |

## **MEMORANDUM**

Plaintiff Southeast Community Capital Corporation d/b/a Pathway Lending ("Pathway") initiated this matter by filing a complaint for breach of contract in Chancery Court for the State of Tennessee, Twentieth Judicial District, Davidson County, on August 20, 2024. (*See* Doc. No. 1-1). The Complaint alleges that Defendants Jellico Regional Hospital, LLC, Kirnjot Singh, Kirnjot Singh MD Family Trust, and Integra Financial Group, LLC (collectively, "Defendants") failed to pay Pathway amounts owed under a Loan Agreement and Promissory Note. (*Id.*). Defendants removed the case to this Court on October 3, 2024. (Doc. No. 1). Shortly thereafter, on October 15, 2024, Defendants filed a Third-Party Complaint against Progressive Health of Jellico, LLC, Progressive Health Group, LLC, and Robert Quentin Whitwell (collectively, "Third-Party

Defendants"). (Doc. No. 12). Defendants filed an Amended Third-Party Complaint on January 14, 2025. (Doc. No. 38).

Now before the Court are Defendants' motion to change venue (Doc. No. 39), Plaintiff's motion to strike Defendants' Amended Third-Party Complaint (Doc. No. 40), and Third-Party Defendants' motion to dismiss the Amended Third-Party Complaint (Doc. No. 44).

For the reasons stated herein, Defendants' motion to change venue (Doc. No. 39) will be **DENIED**, Plaintiff's motion to strike Defendants' Amended Third-Party Complaint (Doc. No. 40) will be **GRANTED**; and Third-Party Defendants' motion to dismiss the Amended Third-Party Complaint (Doc. No. 44) will be **DENIED as MOOT**.

## I. BACKGROUND

In the primary complaint, Pathway asserts claims for breach of contract against Jellico Regional Hospital, LLC, Kirnjot Singh, Kirnjot Singh MD Family Trust, and Integra Financial Group, LLC, the borrower and guarantors on a Loan Agreement and Promissory Note. (*See* Doc. No. 1-1). As stated above, Defendants filed a Third-Party Complaint against Progressive Health of Jellico, LLC, Progressive Health Group, LLC, and Robert Quentin Whitwell on October 15, 2024 (Doc. No. 12), and filed an Amended Third-Party Complaint on January 14, 2025. (Doc. No. 38).

Defendant Jellico Regional Hospital, LLC is pursuing an identical breach of contract claim against the Third-Party Defendants in the Eastern District of Tennessee in the case styled *Jellico Regional Hospital, et al. v. Progressive Heath of Jellico, LLC, et al.*, Case No. 3:24-cv-268 (E.D.

Tenn. Jun. 18, 2024) (hereinafter *Jellico* (E.D. Tenn.)).[1] The judge presiding over the case in the Eastern District of Tennessee has summarized the factual basis of the claim as follows:

> Plaintiff Jellico Regional Hospital, LLC, ("JRH") acquired a hospital lease from the City of Jellico in 2020. The hospital had previously been idle, so the Tennessee State Board of Health required JRH to make certain improvements to bring the hospital up to code. JRH financed these improvements, in part, through an approximately 1.5-million-dollar loan from Pathways Lending. This funding helped JRH as it worked to get the hospital up and running, but a series of setbacks ultimately led JRH to decide to sell. Defendant Progressive Health Group, LLC, emerged as the most interested buyer. JRH and Progressive Health Group entered into an Asset Purchase Agreement that transferred JRH's assets concerning the hospital to Progressive Health Group in exchange for Progressive Health Group assuming JRH's obligations under certain contracts, the Pathways loan, and up to $450,000 of the hospital's accounts payable. Progressive Health Group's CEO and sole member, Defendant Robert Quentin Whitwell, signed the Asset Purchase Agreement on Progressive Health Group's behalf. After the Asset Purchase Agreement was executed, Progressive Health Group began working to get the City of Jellico to assign the hospital lease to it. This proved more difficult than anticipated, so JRH—which was still the hospital lessee—executed a Sublease Agreement subleasing the hospital to Defendant Progressive Health of Jellico, LLC, a separate company established by Whitwell seemingly for the transaction. In addition to subleasing the hospital to Progressive Health of Jellico, the Sublease Agreement also substituted Progressive Health of Jellico as a party to the Asset Purchase Agreement, replacing Progressive Health Group. … Progressive Health of Jellico then attempted to operate the hospital but had to shut its doors only a few months later. [Plaintiffs] claim that every Defendant breached the Asset Purchase Agreement by failing to purchase JRH's assets in accordance with the Agreement's terms.

(*Jellico* (E.D. Tenn.), Doc. No. 36 at 1-2).

---

[1] The allegations and claims in the two cases are virtually identical. However, the loan guarantors, Kirnjot Singh, Kirnjot Singh MD Family Trust, and Integra Financial Group are not parties to *Jellico* (E.D. Tenn.), and that case includes an additional plaintiff, Zynergia Staffing, LLC, that is not part of this case.

Pathway moves to strike the Third-Party Complaint and the Amended Third-Party Complaint, in part because of the duplicative action pending in the Eastern District of Tennessee. (*See* Doc. Nos. 21, 40).

The Third-Party Defendants moved to dismiss the Amended Third-Party Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 43). Curiously, they did not argue that the Third-Party Complaint should be dismissed as duplicative of claims already pending in the Eastern District of Tennessee. Instead, they filed the <u>same substantive motion to dismiss</u> that they filed in the Eastern District of Tennessee case in December 2024. (Doc. No. 43 (filed Jan. 28, 2025); *compare with Jellico* (E.D. Tenn.), Doc. Nos. 32, 33 (filed December 16, 2024)). Defendants / Third-Party Plaintiffs then filed the <u>exact same response</u> in opposition to the motion to dismiss that they filed in the Eastern District of Tennessee case. (Doc. No. 50 (filed Feb. 11, 2025); *compare with Jellico* (E.D. Tenn.), Doc. No. 34 (filed Dec. 30, 2024)). The reply filed in both cases is also the <u>same</u>. (Doc. No. 52 (filed Feb. 17, 2025); *compare with Jellico* (E.D. Tenn.), Doc. No. 35 (filed Jan. 6, 2025)). The Hon. Charles E. Atchley, Jr., decided the motion to dismiss on April 9, 2025. *Jellico* (E.D. Tenn.), Doc. No. 36. **No one notified this Court that <u>identical motions</u> were pending in both courts or that Judge Atchley had decided the motion pending before him.**

## II. ANALYSIS

### A. Ethics Concerns

The Court is highly concerned and more than annoyed that the parties to the Amended Third Party Complaint have fully litigated the motion to dismiss the Amended Third Party Complaint in this Court *and* in the Eastern District of Tennessee, by filing virtually identical motions and responsive briefs in both courts, seemingly expecting each Court to rule on the

identical motions without notifying either court of the duplicative filings. Not only is this a waste of judicial and party resources, it also risks inconsistent and conflicting decisions. That none of the parties to the Amended Third-Party Complaint notified the Court that Judge Atchley **issued a ruling on the motion to dismiss five months ago** exponentially compounds the harm. The undersigned has a weighted civil case load of over 500 cases. Apparently, these parties believe their dispute is more important that the other 500+ cases. The Court is confident that the parties to these other cases see it differently.

"[T]he Federal Rules of Civil Procedure impose a continuing duty of candor on representations made to the court by attorneys and unrepresented parties and authorize sanctions for any violation of that duty." *Metron Nutraceuticals, LLC v. Cook*, 550 F. Supp. 3d 484, 486–87 (N.D. Ohio 2021) (citing Fed. R. Civ. P. 11). The Tennessee Rules of Professional Conduct also impose upon attorneys a duty of candor to the Court. *See* Tenn. R. Prof. Conduct 3.3.

Counsel to the Parties to the Amended Third-Party Complaint will be ordered to show cause why failure to notify the Court of these duplicative motions and Judge Atchley's decision does not violate Federal Rule of Civil Procedure 11 and Tennessee Rule of Professional Conduct 3.3.

B. Motion to Strike

The Court has discretion to determine whether a third-party claim should proceed under Rule 14 of the Federal Rules of Civil Procedure. *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960). "Underlying Rule 14 is a desire 'to promote economy by avoiding the situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him.'" *Am.*

*Zurich Inc. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 806 (6th Cir. 2008) (citing Wright, Miller, Kane, *Fed. Prac. & Proc*. § 1441 (2d ed.1990)); *Dewald v. Minster Press Co.*, 492 F.2d 795, 797 (6th Cir. 1972) (explaining that "the purpose of Rule 14 to avoid circuity of actions by disposing of an entire subject matter arising from one set of facts in one action"). Any party, including the original plaintiff to an action "may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). In determining whether a third-party claim should proceed, the Court should seek to "effectuate the purpose of Rule 14, which means that impleader is to be allowed if it will avoid circuity of action and eliminate duplication of suits based on closely related matters." Wright, Miller, Kane, *Fed. Prac. & Proc*. § 1443 (3d ed. 1990).

Plaintiff argues allowing the third-party complaint to proceed does not further the purpose of Rule 14 or promote judicial efficiency. The Court agrees. In fact, given that Defendants / Third-Party Plaintiffs are proceeding with identical claims in the Eastern District of Tennessee, allowing the same claims to be litigated as part of this case is a waste of judicial and party resources and runs the risk of inconsistent outcomes. Accordingly, the Motion to Strike Amended Third-Party Complaint (Doc. No. 40) will be **GRANTED**, and the Motion to Dismiss Amended Third-Party Complaint (Doc. No. 43) will be **DENIED as MOOT**.

### C. Transfer Venue

Defendants argue this case should be transferred to the United States District Court for the Eastern District of Tennessee and consolidated with *Jellico* (E.D. Tenn.) "to avoid inconsistent verdicts, opposite conclusions and decisions that may result if these cases proceed in different venues" and "for the convenience of parties, witnesses, in the interest of justice." (Doc. No. 27-1 at 4). Defendants argue that transfer is also supported by the first-to-file rule. (*Id.*). They

acknowledge that the Loan Documents include a choice of venue clause stating that the "Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Davidson County, Tennessee" (*see* Doc. No. 1-1), but argue that the venue clause is permissive and, therefore, does not preclude transfer. Plaintiff responds that by agreeing to the forum selection clauses, Defendants effectively waived the right to challenge the forum as inconvenient to them. (Doc. No. 35 at 5 (citing *Alt. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64 (2013).

Transfer of cases is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Sixth Circuit has explained that district courts have broad discretion to determine when party convenience or the interest of justice make transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009). The burden of demonstrating transfer is warranted is on the moving party. *Means v. United States Conf. of Catholic Bishops*, 836 F.3d 643, 652, n.7 (6th Cir. 2016).

A forum-selection clause is given controlling weight "in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. Texas*, 571 U.S. 49, 63 (2013). "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*. at 64. "As a consequence, a district court may consider arguments about public-interest factors only." *Id*. Factors relating to the public interest include the local interest in having localized disputes decided at home; the administrative difficulties resulting from court

congestion; and the interest in having a trial of a diversity case in a forum at home with the law that will be applied. *Id*. Courts are also to give some weight to the plaintiff's choice of forum. *Id*. (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

The parties do not dispute that the Loan Document contain valid forum selection clauses designating the courts of Davidson County, Tennessee, as an agreed forum. As noted above, Plaintiff originally filed this case in the agreed forum and Defendants removed the case to federal court. The fact that the venue clause is permissive and not mandatory has no effect on the Defendants' prior agreement that Davidson County, Tennessee, is an appropriate forum.[2] Accordingly, the private-interest factors weigh against transfer.

The public-interest factors also do not support transfer. First, the local interest in this dispute over the repayment of the loan is minimal. Second, both courts are in Tennessee and "at home with the law that will be applied." Finally, the Court is not aware of matters of court congestion that would make one venue preferable over the other. If anything, resolving the discrete claims raised in this case will be more expeditious that transferring the case to the Eastern District of Tennessee where it might be consolidated with other more complicated, tangentially related cases.

Defendants' argument that transfer is appropriate under the first-to-file rule is unpersuasive. Under the first-to-file rule, "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785,

---

[2] Neither party argues that the fact that the case is now in federal rather than state court is a relevant consideration for purposes of the motion to change venue.

8

Case 3:24-cv-01193   Document 58   Filed 09/10/25   Page 8 of 11 PageID #: 625

789 (6th Cir. 2016) (citations and internal quotation marks omitted). The rule "encourages comity among federal courts of equal rank" and "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Id*. (citing *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc*., 16 F. App'x 433, 437 (6th Cir. 2001) and *EEOC v. Univ. of Pa*., 850 F.2d 969, 977 (3d Cir. 1988)).

"[C]ourts generally evaluate three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues and claims at stake." *Id*. The first-to-file rule applies when the parties and claims in the two actions "substantially overlap" even if they are not perfectly identical. *Id*. at 790-91. The claims should "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id*. at 791 (quoting *Smith v. S.E.C*., 129 F.3d 356, 361 (6th Cir. 1997)). "If these factors support application of the rule, the court must also determine whether any equitable considerations, such as evidence of inequitable conduct, bad faith, anticipatory suits, [or] forum shopping, merit not applying the first-to-file rule in a particular case." *Id*. (citation and internal quotation marks omitted).

Defendants' reliance on the first-to-file rule is premised on two virtually identical actions that it initiated in different fora. This appears to be an attempt to bootstrap transfer of the primary action with the Third-Party Complaint. The Court has already expressed concern regard the filing of a Third-Party Complaint here when identical claims were already pending in another district. This is not a case where competing litigation is a result of a "race to the courthouse," or when opposing parties file related cases in different courts and then seek to transfer venue to their preferred forum. Here, Defendant Jellico Regional Hospital, LLC (acting as plaintiff in both cases) filed virtually identical complaints in different venues. The only apparent purpose of these

9

duplicative filings is to bolster the argument that both cases should proceed in its preferred venue. Such gamesmanship cannot be countenanced. There is no dispute that *Jellico* (E.D. Tenn.) was filed first. However, given the ruling that the Third-Party Complaint will be stricken, the Court considers only whether transfer is warranted based on the similarity of the claims and parties in *Jellico* (E.D. Tenn.) and the primary complaint in this case.

The parties in this case are Plaintiff Southeast Community Capital Corporation d/b/a Pathway Lending and Defendants Jellico Regional Hospital LLC, Kirnjot Singh, Kirnjot Singh MD Family Trust, and Integra Financial Group, LLC. In *Jellico* (E.D. Tenn.), the Plaintiffs are Jellico Regional Hospital LLC and Zynergia Staffing, LLC, and Defendants are Progressive Health of Jellico, LLC, and Progressive Health Group, LLC. Defendant Jellico Regional Hospital in this case is a plaintiff in *Jellico* (E.D. Tenn.). Otherwise, there is no overlap in parties.

There is also minimal overlap in issues. This case concerns a loan between Pathway and Jellico Regional Hospital. In *Jellico* (E.D. Tenn.), Jellico Regional Hospital seeks to enforce an asset purchase agreement it entered into with Progressive Health of Jellico. That case also involves a claim for breach of a personal services agreement between Zynergia Staffing, LLC, and Progressive Health Group. The only connection between *Jellico* (E.D. Tenn.) and this case is that the loan obligation at issue here is one of the assets allegedly subject to the assert purchase agreement at issue in *Jellico* (E.D. Tenn.). A determination in one case does not affect the determination in the other.

Because the claims and parties do not substantially overlap, the first-to-file rule does not apply. Even if it did, equitable considerations, specifically the concerns discussed above regarding

Defendants litigation tactics which have resulted in an inefficient use of judicial and party resources, would cause the Court to decline to apply the rule here.

### III. CONCLUSION

For the reasons stated, Plaintiff's motion to strike the Amended Third-Party Complaint (Doc. No. 40) will be **GRANTED** and the motion to dismiss the Amended Third-Party Complaint (Doc. No. 43) will be **DENIED as MOOT**. Defendants' motion to change venue (Doc. No. 27) will be **DENIED**.

In addition, the parties to the Amended Third-Party Complaint will be **ORDERED TO SHOW CAUSE** why they did not violate Federal Rule of Civil Procedure 11 and Tennessee Rule of Professional Conduct 3.3.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE